IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) _____ |
| | ) |
| STERLING INFOSYSTEMS INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

1. This is an action based on Sterling Infosystems Inc.'s ("Sterling") violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681 *et seq., as amended.*

2. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies ("CRAs") that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3. The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

4. Defendant violated Sections 1681e(b) and 1681k of the FCRA when it published incomplete, inaccurate and/or not up-to-date public record information about Mr. Rice in an employment background report. As a result of Defendant's inclusion of this information in a consumer report, Mr. Rice lost a job and suffered emotional distress.

5. The FCRA also affords to consumers the critical right to dispute inaccurate, incomplete, or outdated information in their consumer reports. 15 U.S.C. § 1681i. Consumers can submit disputes to CRAs regarding the accuracy or completeness of any information in their credit file. Upon receipt of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of any information disputed by a consumer to determine whether the information is accurate. The CRA must notify the source of the

disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer. The CRA must review and consider all relevant information provided by the consumer in conducting the reinvestigation. The CRA must delete or modify information found to be inaccurate or incomplete, or that cannot be verified. The CRA must complete the reinvestigation within 30 days. The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

6. Here, Defendant violated 15 U.S.C. § 1681i when it failed to reinvestigate Mr. Rice's dispute, notify Mr. Rice of the results of any reinvestigation, and remove the inaccurate information from Mr. Rice's consumer report.

## **JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a

substantial part of the events that give rise to the claim occurred in this district and division.

## PARTIES

9. Plaintiff is an adult individual residing in Georgia.

10. Mr. Rice is a natural person and a "consumer" as protected and governed by the FCRA.

11. Defendant is a Delaware corporation that conducts business throughout the United States.

12. At all relevant times hereto, Defendant was a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

13. In 2023, Mr. Rice applied for a job as a security officer with Sunstates Security.

14. As part of Mr. Rice's preemployment process, Sunstates Security purchased a consumer report on Mr. Rice from Defendant.

15. In November, Defendant furnished a consumer report on Mr. Rice to Sunstates Security.

16. Defendant did not notify Mr. Rice of the release of the public record information at the time it furnished the information to Sunstates Security.

17. Shortly after it received Defendant's consumer report, Sunstates Security provided Mr. Rice with a copy of the consumer report, and it informed him that it could not move forward with his employment because of the criminal record Defendant reported.

18. Mr. Rice was taken aback, as he has no criminal record.

19. When he reviewed Defendant's consumer report, Mr. Rice discovered that Defendant had reported that he has felony convictions for "Aggravated Possession of Drugs" and "Possession of Cocaine," and misdemeanor convictions for "Possession of Drug Paraphernalia" and "Public Indecency," some in Florida and some in Ohio.

20. Defendant also reported that one of the criminal records belonged to an individual with an address in West Virginia.

21. None of these criminal records belonged to Mr. Rice.

22. Mr. Rice has never lived in Florida, Ohio or West Virginia.

23. Mr. Rice has no criminal record.

24. On November 11, 2023, Mr. Rice contacted Defendant and filed a dispute.

25. To this day, Mr. Rice has received no response to his dispute.

26. Because Defendant has failed to correct its consumer report, Sunstates Security has refused to move forward with Mr. Rice's employment.

27. As a result of Defendant's conduct, Mr. Rice has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including frustration, stress, humiliation and embarrassment.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681i)

28. Plaintiff realleges Paragraph Nos. 1-27 as if fully set forth herein.

29. Defendant violated 15 U.S.C. § 1681i by failing to (1) "conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

30. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

31. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

32. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

33. Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF
## (15 U.S.C. § 1681e(b))

34. Plaintiff realleges Paragraph Nos. 1-27 as if fully set forth herein.

35. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

36. Defendant reported information about Plaintiff that it had reason to know was inaccurate.

37. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

38. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

39. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

40. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## THIRD CLAIM FOR RELIEF

## (15 U.S.C. § 1681k)

42. Plaintiff realleges Paragraph Nos. 1-27 as if fully set forth herein.

43. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

44. Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about him at the time it furnished such information to his prospective employer, and by failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

45. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language

of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

46. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

47. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

48. Defendant's violation of 15 U.S.C. § 1681k was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

49. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    A.    That judgment be entered for Plaintiff against Defendant for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

    B.    That the Court grant such other and further relief against Defendant as may be just and proper, including but not limited to any equitable relief that may be permitted; and

    C.    Granting other further relief, in law or equity, as this Court may deem appropriate and just.

Submitted this 11th day of January, 2024.

> By: /s/ Andrew L. Weiner
> Andrew L. Weiner
> Jeffrey B. Sand
> WEINER & SAND LLC
> 800 Battery Ave. SE
> Suite 100
> Atlanta, Georgia 30339
> (404) 205-5029 (Tel.)
> (404) 254-0842 (Tel.)
> (866) 800-1482 (Fax)
> aw@wsjustice.com
> js@wsjustice.com

COUNSEL FOR PLAINTIFF